BAKER, Judge
(concurring in the result):
While I concur in the result reached by the majority, I write separately because I believe that reference to Mil.R.Evid. 106 and the common law doctrine of completeness is unnecessary for resolution of the issues in this case. The majority suggests that the trial defense counsel relied on the common law doctrine to elicit additional oral statements made by appellant to Special Agent Phillips. The majority opinion then discusses Rule 106 and its relationship to the common law doctrine of completeness. Rule 304 is a passing reference: ‘We need not decide this issue on the common law rule because Mil.R.Evid. 304(h)(2) provides.... ” 55 MJ at 143. Mil. R.Evid. 304(h)(2) is the more relevant rule to military practice.
Rule 106 by its express terms is limited to writings and recorded statements. As the majority recognizes, the rule is adopted without change from its federal counterpart, so one can presume that the President intended to adopt the purpose and rationale of Fed. R.Evid. 106. The Advisory Committee’s Note to Fed.R.Evid. 106 states, “For practical reasons, the rule is limited to writings and recorded statements and does not apply to conversations.” 56 F.R.D. 183, 201 (emphasis added). The language of Mil.R.Evid. 106 and Fed.R.Evid. 106 notwithstanding, the majority argues that a military judge can fit oral statements into Rule 106 by exercising the authority granted in Mil.R.Evid. 611 to control the mode and presentation of evidence. However, it is unnecessary to have a military judge fit this square peg into that round hole since Rule 304(h)(2), on its face, expressly allows completeness of oral statements. Unlike Mil.R.Evid. 106, there is no federal counterpart to Mil.R.Evid. 304(h)(2). Furthermore, long ago, the President recognized the need to provide counsel an opportunity to show the remainder of an accused’s oral or written confession or admission when only part of it was introduced. See para. 140a, Manual for Courts-Martial, United States, 1951.
*148 Over reliance on the common law doctrine carries with it some potential for confusion as well. Wigmore suggests there are certain limitations that pertain to use of the doctrine. A significant one is that “the remainder [of the statement] thus received merely aids in the construction of the utterance as a whole, and is not in itself testimony.” 7 Wigmore, Evidence § 2113 at 659 (Chadbourne rev. 1978) (emphasis added). In other words, the common law doctrine did not contemplate substantive use of the statements used to complete the utterance. Wigmore goes on to state, “The remainder of the utterance, regarded as an assertion of the facts contained in it, is merely a hearsay statement, and as such has no standing.” Id. Mil.R.Evid. 304(h)(2), on the other hand, is specific to admissions and confessions, which are not hearsay and are introduced precisely for their substantive value.
In sum, the typical situation will be that encountered by the defense counsel in this case, where the remainder of an accused’s oral admissions are at issue. It is difficult to believe that counsel would have been contemplating the intricate intersection between Rule 106 and Wigmore’s common law approach when counsel had a simple, explicit rule of evidence close at hand.
Finally, I join Judge Sullivan in his analysis of Mil.R.Evid. 806 and the conclusion reached.